IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 MAR -2  A 11: 03

| | |
|---|---|
| Rahsaan D. Ivey, #273607, ) | C. A. No. 2:06-2257-MBS-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden, Broad River Correctional Institution; and Henry McMaster, Attorney General of the State of South Carolina, ) ) ) ) ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on November 9, 2006. 28 U.S.C. § 636(b).

The respondents moved for summary judgment on the ground that the petitioner filed the instant petition outside the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations period. See 28 U.S.C. § 2244(d). Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review.

Petitioner, Rahsaan D. Ivey, was indicted by grand jury for York County for violation of South Carolina cocaine law Section 44-53-375(B), third or subsequent offense, and unlawful carrying

1

of a pistol. On August 22, 2000, Petitioner was tried <u>in absentia</u> before the Honorable John C. Hayes, III and a jury. (App. pp. 1-152). Petitioner was found guilty as charged. Judge Hayes determined the sentence and the sentence was placed under seal. On March 14, 2001, Petitioner appeared before the Honorable J. Derham Cole and was sentenced. (App. pp. 153-161). Petitioner did not appeal his conviction or sentences.

Petitioner next filed a <u>pro se</u> Application for Post-Conviction Relief ("APCR") on March 5, 2002 (02-CP-46-484). (App. pp. 163-167). On July 22, 2004, Judge Alford issued a written Order of Dismissal. (App. pp. 266-274). A timely notice of appeal was filed with the state supreme court. The South Carolina Supreme Court denied the petition and the Remittitur was sent down on August 7, 2006. The instant petition followed two days later with a delivery date of August 10, 2006. <u>See</u>, <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

This petition is clearly not timely if the judgment of conviction became final on September 1, 2000, at the conclusion of the ten (10) day period allowed to seek direct review following his conviction <u>in absentia</u> on August 22, 2000. In that case, Petitioner's time would have run one year later, September 1, 2001. This is the position taken by Respondents.

The petitioner argued to the contrary that his limitations period began to run or March 24, 2001, ten days following the

imposition of his sentence on March 14, 2001. Thereafter, Petitioner then had one year or until March 25, 2002, to file his habeas petition here. He accrued approximately three hundred forty five days (345) until the statute was tolled by his filing of his proper APCR on March 5, 2002, and it began to run again upon the filing of the remittitur August 7, 2006. Only three (3) days of untolled time passed before he filed the instant habeas petition on August 10, 2006. Therefore, a total of three hundred forty-eight days (348) passed following the conclusion of his conviction and sentence, and this petition would not be subject to dismissal on statute of limitations grounds.

The petitioner is correct. Although the respondents cited South Carolina Appellate Court Rule 203 entitled "Notice of Appeal" in support of their position that the time began to run ten (10) days after he was convicted, the cited rule actually states in relevant part:

> (2) Appeals From the Court of General Sessions. After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days **after the sentence is imposed**.

Additionally, the South Carolina Supreme Court has, on numerous occasions, confirmed that where a defendant is tried *in absentia* an appeal from the conviction or the sentence may not be taken until the sentence is opened and read to the defendant.

Braddock v. State, 344 S.C. 578, 580, 545 S.E.2d 498, 499 (2001); State v. Williams, 303 S.C. 410, 401 S.E. 2d 168 (1991); Parsons v. State, 289 S.C. 542, 347 S.E.2d 504 (1986); State v. Robinson, 287 S.C. 173, 337 S.E.2d 204 (1985); State v. Washington, 285 S.C. 457, 330 S.E.2d 289 (1985). As a result there is no legal basis for the respondents' motion for summary judgment.

The respondents misrepresented the S.C. Appellate Court Rules, and did not bring to the court's attention a plethora of controlling South Carolina case law. Accordingly the imposition of sanctions upon the respondents and the attorney representing the respondents is appropriate.

Rule 11 of the Federal Rules of Civil Procedure as amended in 1983, provides that every pleading, motion, or other paper filed in a federal suit must be signed by an attorney or a pro se litigant, and that such signature constitutes a certificate that the signer has read the pleading, motion, or other paper and, after conducting a reasonable inquiry into the applicable law and facts, believes the paper to have valid factual and legal bases, and is not filing the paper for any improper purpose. If a motion is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.

4

Here, it appears Respondents should have known that its motion for summary judgment on statute of limitations grounds was not warranted by existing law. Further the respondents request that "[I]n the event this Court disagrees with the above limitations analysis, Respondents respectfully would request the opportunity to amend this return and memorandum in support of motion for summary judgment to fully address the substantive issues." (Brief at p. 9), supports the inference that the Respondents' counsel actually knew the Respondents' argument had no legal basis. Such conduct is worthy of condemnation.

## CONCLUSION

Accordingly for the aforementioned reasons, it is recommended that the respondents' summary judgment be denied and the court impose sanctions against the respondents and their attorney.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March 2, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).