IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahsaan D. Ivey, #273607,              ) | |
|                                        ) | C/A No. 2:06-2257-MBS-RSC |
|                   Petitioner,          ) | |
|                                        ) | |
| vs.                                    ) | |
|                                        ) | **O R D E R** |
| Warden, Broad River Correctional       ) | |
| Institution; and Henry McMaster,       ) | |
| Attorney General of the State of South ) | |
| Carolina,                              ) | |
|                                        ) | |
|                   Respondents.         ) | |
| _____) | |

      Petitioner Rahsaan D. Ivey was indicted by a grand jury for York County, South Carolina, for drug and gun offenses. On August 22, 2000, Petitioner was tried in absentia before the Honorable John C. Hayes, III. A jury found him guilty. Judge Hayes determined the sentence and placed the sentence under seal. On March 14, 2001, Petitioner appeared before the Honorable J. Derham Cole and was sentenced. He did not appeal his conviction or sentence.

      Petitioner filed an application for post-conviction relief (PCR) on March 5, 2002. The application was dismissed on July 22, 2004. Petitioner filed a petition for writ of certiorari with the South Carolina Supreme Court. The petition was denied and remittitur sent down on August 7, 2006. On August 10, 2006, Petitioner, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus (Entry 1).

      This matter is before the court on motion for summary judgment filed by Respondents on November 9, 2006 (Entry 7). Respondents assert, among other things, that the within petition is untimely because it was not filed within the applicable one-year limitations period. See 28 U.S.C.

§ 2244(d). Respondents contend that the limitations period commenced on September 1, 2000, ten days after Judge Hayes determined Petitioner's sentence. Thus, according to Respondents, Petitioner had until September 2, 2001 to file for federal habeas relief, unless the period was at any time tolled pending the resolution of a state post-conviction relief hearing. See 28 U.S.C. § 2244(d)(2). As noted hereinabove, Petitioner did not file his PCR application until March 5, 2002, after the limitations period asserted by Respondents.

On November 15, 2006, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a memorandum in opposition on December 27, 2006 (Entry 12). Petitioner contends that the limitations period commenced on March 24, 2001, ten days after the sentence was opened and announced by Judge Cole.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 2, 2007, the Magistrate Judge issued a Report and Recommendation in which he recommended that Respondents' motion for summary judgment be denied. The Magistrate Judge found that Respondents had misrepresented South Carolina Appellate Court Rules and failed to bring to his attention numerous South Carolina cases holding that, where a defendant is tried in absentia, an appeal of the conviction or sentence cannot be taken until the sentence is opened and read to the defendant. The Magistrate Judge determined that approximately 345 days of the limitations period passed before the time was tolled by Petitioner's filing his PCR application. After remittitur was sent down by the South Carolina Supreme Court, only three days of untolled time passed before Petitioner filed the within § 2254 petition, for a total of 348 days, well within the one-year limitations period.

The Magistrate Judge concluded that there was no legal basis for Respondents' motion for summary judgment with respect to the timeliness of the within § 2254 petition. Accordingly, the Magistrate Judge recommended that sanctions be imposed against Respondents and their attorney. Respondents filed an objection to the Report and Recommendation on March 16, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Respondents concede that the one-year calculation properly begins on March 14, 2001, the date the sentence was published. Respondents assert, however, that the error in calculation was inadvertent and that Respondents did not deliberately mislead the court. According to Respondents, the mistake was grounded "not in arguing a legally incorrect position that the time ran from the date of conviction rather than the date the sentence was read by Judge Cole, but in mistakenly inserting the date of the trial date as the sentencing date in [the] calculations." Objections to the Report and Recommendation, p. 4. Moreover, the Office of the Attorney General, counsel for Respondents, informs the court that steps have been taken to ensure the error is not repeated.

The court adopts the Report and Recommendation to the extent that the Magistrate Judge concludes summary judgment should be denied as to the timeliness of the within § 2254 petition. However, although the Magistrate Judge was within his discretion in recommending sanctions, the

3

court will give counsel for Respondents the benefit of the doubt with regard to his explanation for the error. The court therefore declines to impose sanctions on Respondents or their counsel.

The case is recommitted to the Magistrate Judge for further pretrial handling, including the issuance of a scheduling order setting a new deadline for the filing of dispositive motions.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

July 30, 2007.