RECEIVED
USDC, CLERK CHARLESTON, SC

2008 APR 30  A 9:59

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahsaan D. Ivey, #273607, ) | C. A. No. 2:06-2257-MBS-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Warden, Broad River ) Correctional Institution; ) and Henry McMaster, Attorney ) General of the State of South ) Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on November 15, 2007. 28 U.S.C. § 636(b).

The petitioner, Rahsaan D. Ivey, is presently confined to Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for York County. Petitioner was indicted at the August 2000 term of the grand jury for York County for violation of South Carolina crack cocaine drug law Section 44-53-375(B), third or subsequent offense (00-GS-46-2412); and unlawful carrying of a pistol (00-GS-46-2413).

On August 22, 2000, Petitioner was tried in absentia before the Honorable John C. Hayes, III and a jury. (App. pp. 1-152).

1

Petitioner was found guilty as charged and the sentence was placed under seal. Subsequently, Petitioner was arrested in North Carolina. On March 14, 2001, Petitioner appeared before the Honorable J. Derham Cole to be sentenced. (App. pp. 153-161). Judge Hayes sentenced Petitioner to thirty (30) years imprisonment and a $100,000 fine for the drug offense and one (1) year, consecutive, for unlawful carrying of a pistol. Petitioner did not appeal his conviction or sentences.

Petitioner filed an Application for Post-Conviction Relief ("APCR") on March 5, 2002 (02-CP-46-484). (App. pp. 163-167). The State filed a Return and Motion to Dismiss on March 12, 2003. (App. pp. 168-172). A hearing into the matter was held before the Honorable Lee S. Alford on June 2, 2004, at which Petitioner was present and testified represented by James W. Bradford, Esq. Petitioner also called his brother and co-defendant Sharif Ivey, Petitioner's mother, Renita Ivey, and Petitioner's attorney at his sentencing, James Hancock, to testify. At the hearing the petitioner proceeded on the following grounds: Failure to receive notice of the trial, and Failure of counsel to file an appeal.

On July 22, 2004, Judge Alford issued a written Order of Dismissal in which he found that Petitioner had received proper notice and that Petitioner decided not to appeal in favor of a proceeding in a Post Conviction Relief (PCR) proceeding. (App. pp. 266-274).

2

A timely petition for a writ of certiorari from the denial of PCR was filed with the state supreme court. Petitioner was represented by Wanda H. Carter, Acting Deputy Chief Attorney, of the South Carolina Office of Appellate Defense. On April 29, 2005, counsel filed a <u>Johnson</u> Petition for Writ of Certiorari and a Petition to be Relieved as Counsel, in which she raised the following issue on behalf of Petitioner: "Did the PCR court err in denying Petitioner's allegation that he did not voluntarily waive his right to a direct appeal in the case?"

Additionally, Petitioner filed a <u>pro se</u> brief, and presented the following issues:

> 1. "The PCR Court erred in finding that Petitioner's requested an appeal, but was not advised of his appellate rights, and his attorney failed to timely file the appeal.
>
>> A. Petitioner asserts that the Order in his PCR failed to addressed the merits of the issues raised in the application.
>>
>> B. The PCR Judge's finding was in error because, there was sufficient evidence that an extraordinary circumstances exist such that the Petitioner should have advised of his right to a direct appeal."
>
> 2. "Petitioner's counsel ineffective for failing to perfect the notice of intent to appeal after the opening of the sealed sentence.
>
>> A. Petitioner did not knowingly and intelligently waived his right to a direct appeal.
>>
>> B. Petitioner is entitled to a belated appeal, even without showing whether there are any viable grounds for such an appeal."

> 3. "The Trial court abuse it's discretion when it relieved retained counsel and tried the case in absentia, and failed to appointed standby counsel.
>
>     A. Trial judge to make due inquiry into facts and law
> upon which judgment(s) are based and his execution of them upon mere ex parte application of counsel for Defendant violates South Carolina Code of Judicial Conduct."
>
> 4. "The Trial court lacked subject matter jurisdiction to tried or convicted Petitioner for distribution of crack cocaine because the indictment was insufficient."

The South Carolina Supreme Court issued a summary order on July 20, 2006, in which it denied the petition for writ of certiorari and granted counsel's request to withdraw from further representation. The Remittitur was sent down on August 7, 2006.

The following exhibits have been made part of the record here:

> (1) Appendix;
> (2) *Johnson* Petition for Writ of Certiorari, dated April 29, 2005;
> (3) Pro se "*Johnson* Petition for Writ of Certiorari," dated June 1, 2005;
> (4) Order denying petition and granting counsel's request to withdraw, dated July 20, 2006;
> (5) Remittitur, dated August 7, 2006.

On December 5, 2007, the petitioner was provided a copy of the respondents' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). After two extensions of

time, the petitioner responded to the motion on March 17, 2008. Hence it appears consideration of the motion is appropriate.

## HABEAS ALLEGATIONS

Petitioner presented the following grounds for relief in the instant writ of habeas corpus petition under 28 U.S.C. § 2254:

> **GROUND ONE:** "PCR Court errored in its ruling on the Petitioner's request for a direct appeal. Court errored in denying Petitioner requested direct appeal although the Court was aware that the Petitioner was never advised of his right to a direct appeal, and that his attorney failed to file the direct appeal."
>
> **GROUND TWO:** "Ineffectiveness of Counsel. Counsel failed to file notice of intent to appeal or direct appeal after opening of sealed sentence."
>
> **GROUND THREE:** "Abuse of Discretion. Trial court released retained counsel, and trial case without appointing a standby counsel. Trial court has a duty to ensure that defendants right to counsel are protected even in his absence."
>
> **GROUND FOUR:** "Trial court lacked subject matter jurisdiction. Trial court lacked subject matter jurisdiction where the indictment bringing the charges was defective as well as illegal."
> (sic).

## HABEAS STANDARD OF REVIEW

The present habeas corpus petition has a delivery date of August 8, 2007. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254 (d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

<u>Id.</u> at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 1522.

6

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## EXHAUSTION AND PROCEDURAL BYPASS

Further, federal habeas relief is available only to a person held in custody in violation of the Constitution or laws or treaties of the United States who has exhausted his state remedies. The statute provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the

> State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)–(3),(c).

Thus, to satisfy the statutory requirements a petitioner first must exhaust his claims by presenting them to the highest state court with jurisdiction to decide them before seeking relief through the federal Writ of Habeas Corpus. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Indeed a claim is unexhausted unless the substance of a petitioner's claims are "fairly presented" to the state courts. The Matthews court explained,

> The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not suffice. In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court.

Id.

If, however, a habeas petitioner has not presented certain issues to the state's highest court, the claim "nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if petitioner attempted to raise it at this juncture." Georgia v. Angelone, 100 F.3d 353,

8

363 (4th Cir. 1996). Nonetheless, when claims were not preserved by a petitioner in his direct appeal or PCR appeal, federal habeas review of these claims is precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

The respondents here correctly submit that there are no available state remedies remaining to the petitioner on any of the claims asserted in this petition. The petitioner did not pursue a direct appeal and each claim presented here was essentially raised in Petitioner's Johnson appeal from denial of PCR to the South Carolina Supreme Court. The South Carolina Supreme Court rejected all claims and entered a summary order denying the Petition for a Writ of Certiorari.

### DISCUSSION

Petitioner's first ground is "PCR Court errored in its ruling on the Petitioner's request for a direct appeal. Court errored in denying Petitioner requested direct appeal although the Court was aware that the Petitioner was never advised of his right to a direct appeal, and that his attorney failed to file the direct appeal."

Petitioner's claim that the PCR court was wrong in not granting him a belated appeal is a state law claim and, as such, is not cognizable in federal habeas corpus. To the extent that

Petitioner also alleges that the trial court never advised of his right to a direct appeal, such an alleged error of the trial court should have been raised on direct appeal and was not. The claim was defaulted before he brought his PCR and the PCR court properly refused to review it. See, Drayton v. Evatt, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993); Simmons v. State, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1975). Further, Petitioner has not shown cause and prejudice, or that he is actually innocent of the crimes for which he was sentenced. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989). Therefore, that claim is procedurally bypassed and barred from review on the merits here.

In his first ground Petitioner also claimed that his counsel was ineffective for not perfecting a direct appeal following his sentencing. This is also what the Petitioner denominates as his second ground: "Ineffectiveness of Counsel. Counsel failed to file notice of intent to appeal or direct appeal after opening of sealed sentence." Therefore, the following discussion applies to both.

Here, PCR Judge Alford denied relief on the ineffective assistance of counsel claim finding that, based on testimony from sentencing counsel, a decision was made by Petitioner to forgo an attempt to file a direct appeal in favor of proceeding with a PCR application.

10

Petitioner has not shown that this state court decision was either: (1) an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court hearing. 28 U.S.C. § 2254(d)(1)(2). Additionally, he has not presented clear and convincing evidence to overcome the presumption of correctness of facts found by the PCR court.

Specifically, Judge Alford held:

> II. FAILURE TO FILE AN APPEAL
> While unrepresented by an attorney during the trial, the Applicant did retain an attorney for the sentencing proceeding. The Applicant alleges counsel should have filed an appeal on his behalf after the sealed sentence was opened and read.
> A. Testimony
> The Applicant testified he and counsel discussed appealing his sentences (not his convictions), and thought such an appeal was filed. Counsel testified that, after the sealed sentence was opened, he and his investigator spoke to the Applicant about an appeal. Counsel stated that he advised the Applicant to file an application for post-conviction relief rather than a direct appeal. While a notice of intent to appeal was filed with the clerk of court, counsel stated he did not send the file to the South Carolina Office of Appellate Defense to perfect the appeal because he and the Applicant had decided the better remedy was to file the PCR action. Counsel stated he believed a direct appeal would have been futile.
> B. Law/Analysis
> When a defendant is tried in absentia, judgment is not final until the sealed sentence is opened and read. State v. Robinson, 287 S.C. 173, 337 S.E.2d 204 (1985).
> As in Robinson, the Applicant was represented by retained counsel at sentencing. The issue

11

> raised by the Applicant in his Application are appealable issues. In fact, his retained attorney filed a timely notice of appeal, but the appeal is not perfected. Counsel testified that he discussed a direct appeal with the Applicant, and concluded a post-conviction relief action was preferable. All of the issues raised in the Application could have been raised on motions at the sentencing hearing or on direct appeal. Counsel did not raise those issues at sentencing, and he and the Applicant chose not to assert them in a direct appeal. It is axiomatic that issues which could have been raised in a direct appeal cannot be raised for the first time in a post-conviction relief proceedings. See, Drayton v. Evatt, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993); Simmons v. State, 264 S.C. 417, 423, 215 S.E.2d 883, 885 (1975).
> 	This Court finds the Applicant's testimony on this issue is not credible, while also finding counsel's testimony is credible. Furthermore, this Court notes the Applicant has not alleged that counsel rendered ineffective assistance in failing to perfect the direct appeal. Accordingly, the Applicant's allegation that he was denied a direct appeal is denied.

App. pp. 272-273.

The evidence presented at the PCR hearing fully supports Judge Alford's finding of fact that Petitioner did not want to pursue a direct appeal of his sentence. It simply cannot be said that it was unreasonable to credit the sentencing attorney's explanations for why he did not perfect an appeal of Petitioner's sentence. Moreover, state-court factual findings are presumed correct; the petitioner has the burden of rebutting the presumption by "clear and convincing evidence." § 2254(e)(1). See, Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, at 2325

(2005). Petitioner has failed in his burden and is not entitled to relief on his second ground.

In his third ground for relief, Petitioner asserted, "Abuse of Discretion. Trial (court) released retained counsel, and trial case without appointing a standby counsel. Trial court has a duty to ensure that defendants right to counsel are protected even in his absence." (sic).

Petitioner defaulted this direct appeal issue, that the trial judge denied him counsel, when he did not appeal from his conviction. Further, Petitioner has not shown cause for the procedural default, or any grounds to find prejudice, or shown that a fundamental miscarriage of justice will occur if this claim is not considered. Hence, Petitioner's claim for relief as set forth in ground three is procedurally barred from consideration by this court, and should be dismissed. See, 28 U.S.C. § 2254; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); Mazzell v. Evatt, 88 F .3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) (In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478, 496 (1986) (a fundamental miscarriage of justice

occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"). Petitioner is not entitled to habeas relief on this ground.

Likewise, Petitioner is not entitled to habeas relief on his fourth ground, "Trial court lacked subject matter jurisdiction. Trial court lacked subject matter jurisdiction where the indictment bringing the charges was defective as well as illegal." Again, this claim should have been raised on a direct appeal and was not. Petitioner has not shown cause and prejudice for his default nor that he is actually innocent. <u>See</u>, <u>Id.</u> Additionally, issues of state court subject matter jurisdiction are not cognizable in federal habeas corpus. <u>See</u>, <u>Wright v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998). Petitioner is not entitled to relief.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the petition herein be dismissed in its entirety, any other outstanding motions be denied as moot, and this matter ended.

Respectfully Submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
April 30, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).