IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahsaan D. Ivey, #273607,              ) | |
|                                                        ) | C/A No. 2:06-2257-MBS-RSC |
|             Petitioner,     ) | |
|                                                        ) | |
|     vs.                                   ) | **OPINION AND** |
|                                                        ) | **O R D E R** |
| Warden, Broad River Correctional      ) | |
| Institution; and Henry McMaster, Attorney ) | |
| General of the State of South Carolina, ) | |
|                                                        ) | |
|             Respondents.  ) | |
|                                                        ) | |

Petitioner Rahsaan D. Ivey is a prisoner in the custody of the South Carolina Department of Corrections who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully. Petitioner seeks relief in the form of vacatur of his sentence and a grant of new trial with the benefit of counsel.

This matter is before the court on Respondents' motion for summary judgment filed December 3, 2007. By order filed December 5, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondents' motion on March 17, 2008.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge issued a Report and Recommendation on April 30, 2008 in which he recommended that the petition be dismissed in its entirety and that any other outstanding motions be denied as moot. On

May 15, 2008, Petitioner filed objections to the Report and Recommendation. ("Petitioner's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## I. FACTS

On or about August 17, 2000 Petitioner was indicted in York County, South Carolina for: 1) manufacturing, distributing, dispensing, delivering, or purchasing crack cocaine on or about April 11, 2000, or aiding, abetting, attempting or conspiring to do the same; and 2) willfully and unlawfully possessing a Smith and Wesson Sigma 9 mm and/or a Bryco 58 .380 caliber handgun on or about April 11, 2000. See Respondents' Return and Memorandum to Petition for Writ of Habeas Corpus, Entry 8-5 (App. at 275-277). Petitioner was placed on bond pending trial. See id. Entry 8-4 (App. at 205-06). Petitioner retained counsel. Id. (App. at 183). Trial was set for August 22, 2000.

Prior to trial, trial counsel moved to be relieved from representation on the grounds that Petitioner was not cooperating with him and because Petitioner had failed to pay attorneys' fees. Id.

(App. at 193). The motion was granted. The solicitor and trial counsel separately sent notice of the trial date to the address Petitioner submitted to the court as his permanent address. See id. (App. at 189-93, 205-08, 211-12). Trial counsel also advised Petitioner by letter that he had been relieved of representation. Id. (App. at 193).

Petitioner failed to appear for trial. Petitioner was tried in absentia without counsel. Petitioner was found guilty on both charges. See id. (App. at 150). As to the drug offense, the trial court sentenced Petitioner to incarceration for a period of thirty years and imposed a fine of $100,000. The trial court also sentenced Petitioner to incarceration for one year on the weapons charge, to be served consecutively to the sentence for the drug offense. The trial court sealed Petitioner's sentence pending his appearance in court. See id. (App. at 154).

A bench warrant was issued for Petitioner's arrest. Petitioner subsequently was arrested in North Carolina. On March 14, 2001, Petitioner was brought before a trial judge for sentencing. He was represented by counsel at sentencing. See id. (App. at 153). Petitioner did not appeal his conviction or sentence.

On March 5, 2002, Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") in state court. Petitioner asserted the following grounds in his application for PCR:

1. Ineffective assistance of counsel. "My lawyer did not operate in the range of competence."

2. Sixth Amendment Violation, Due Process Violation. "S.C. Code of Laws and Subsections will prove my sentence was illegal."

3. Illegal sentence, subject matter jurisdiction/probable cause. "The Search violated the 4th Amendment (warrant clause) because the police failed to establish (probable cause) to search or arrest because the police never saw who they were to made the deal with, plus the police did not have a search warrant or an arrest warrant, which make the evidence seized unlawfully."

See id. (App. at 164) (errors in original).

An amended PCR application asserted the following grounds for relief:[1]

1. Failure to receive notice of the trial
2. Ineffective assistance of counsel.
3. Sixth Amendment and Due Process violations.
4. Illegal sentence.
5. Trial court erred in failing to appoint counsel for the trial in abstentia,.
6. Trial court erred in failing to direct a mistrial.
7. Jury selection issue.

See Entry 8-5 (App. at 267).

An evidentiary hearing was held on June 2, 2004. Petitioner was represented by counsel. Petitioner testified regarding his absence from trial and denied receiving notice of trial. See Entry 8-4 (App. at 186). The government introduced a certified copy of a return receipt indicating that the envelope containing notice of the trial date was sent to the address provided by Petitioner on his Terms and Conditions of Bond form. Id. (App. at 185.) The receipt was signed for by Petitioner's brother. Id. (App. at 188). The government also introduced a letter from Petitioner's original trial counsel advising Petitioner of the date and time of trial. Id. (App. at 193). The correspondence was addressed to Petitioner's last known address. Id. Petitioner admitted to not living at that address while he was on bond. Id. He admitted that he did not provide the court with a change of address as required by his Terms and Conditions of Bond form. Id. (App. at 197.)

According to Petitioner's brother, Sharif Ivey, correspondence to Petitioner was held at Petitioner's address by their mother. Id. (App. at 221). Petitioner's brother testified he nor their

---

[1] An amended application for PCR was submitted by Petitioner's PCR counsel at the PCR hearing. See Entry 8-4 (App. at 216-17). The amended PCR application is not included in the record and the court is informed by the South Carolina Attorney General's Office that the amended PCR application is unavailable.

mother had a telephone number or other means to contact Petitioner. Id. (App. at 224). Petitioner's mother also testified that she allowed Petitioner to use her address to receive mail, but she did not open correspondence addressed to him. Id. (App. at 226). She did not try to contact Petitioner upon receipt of correspondence from the court or Petitioner's lawyer. Entry 8-5 (App. at 234).

Petitioner's sentencing counsel also testified at the PCR hearing. Counsel stated that he filed a notice of appeal but determined that there were no grounds for appeal because Petitioner had been sentenced within the sentencing range. Id. (App. at 238). Counsel advised Petitioner that an appeal would be futile and that he should go forward with a PCR application. Id. (App. at 239). Accordingly, counsel did not perfect the appeal. Id. (App. at 241). Counsel testified that his recollection was that Petitioner did not request counsel to appeal his trial and conviction. Id. (App. at 242).

The PCR noted that, according to the magistrate's testimony presented at trial, Petitioner was advised at his bond hearing on April 24, 2000 of his right and obligation to be present at trial and his court date. Petitioner also was cautioned that, should he fail to attend court, the trial would proceed in his absence. Id. (App. at 250).

On July 22, 2004, the PCR judge issued an Order of Dismissal denying Petitioner's application for PCR. See id. (App. at 266-74). The PCR judge noted that, despite setting forth seven grounds for his PCR application, Petitioner proceeded at the hearing only as to his claims regarding (1) failure to receive notice of the trial, and (2) failure of counsel to file an appeal. See id. (App. at 267).

Regarding notice of the trial date, the PCR judge noted that Petitioner had been advised at his bond hearing of his trial date and obligation to notify the court if he changed his address. Id.

(App. at 268). Petitioner was warned that the trial would go forward in his absence and a bench warrant would be issued if he failed to appear for trial. Id. The PCR judge further noted that Petitioner's trial counsel informed Petitioner that his case would be called for trial on August 21, 2000. The PCR judge also noted that Petitioner had been advised of his trial date by the solicitor by letter dated August 15, 2000. The PCR judge found the testimony of Petitioner, his brother, and his mother to be not credible and that Petitioner's conduct reflected either a deliberate attempt to avoid notice of the trial or a conscious indifference to his rights and obligations to attend to the charges lodged against him. Accordingly, the PCR judge denied Petitioner's allegation that he was not properly given notice of his trial date.

As to sentencing counsel's failure to file an appeal, the PCR judge determined that Petitioner raised a number of issues in his PCR application that could have been asserted on direct appeal. The PCR judge noted that issues that could have been raised on direct appeal could not be raised for the first time in a PCR hearing. Id. (App. at 273). The PCR judge found sentencing counsel's testimony to be credible. The PCR judge determined that Petitioner did not receive ineffective assistance of counsel as the result of sentencing counsel advising him to proceed with PCR relief rather than an appeal. Accordingly, the PCR judge denied Petitioner's allegation that he was denied a direct appeal. Id.

As to all other allegations, the PCR judge determined that Petitioner failed to present any evidence regarding such allegations, and those allegations were waived. The PCR judge denied and dismissed any allegations other than those specifically addressed. See id. (App. at 274).

PCR counsel filed a motion to alter or amend the order of dismissal on or about August 12, 2004. Entry 47-2. The motion was denied on August 31, 2004. Entry 47-4.

The South Carolina Office of Appellate Defense, on Petitioner's behalf, filed a petition for writ of certiorari with the South Carolina Supreme Court pursuant to Johnson v. State, 364 S.E.2d 201 (1988), on or about April 29, 2005. The petition presented the following sole issue for appeal:

> Did the PCR court err in denying petitioner's allegation that he did not voluntarily waive his right to a direct appeal .

Entry 8-6. In addition, Petitioner filed a pro se petition dated June 1, 2005, raising the following four issues for review:

> Did the PCR court err in finding that Petitioner's requested an appeal but was not advised of his appellate rights?
>
> Did the Petitioner's counsel ineffective for failing to [per]fect the notice of intent to appeal after the opening of the sealed sentence?
>
> Did the trial court abuse its discretion when its relieved counsel and tried the case in abstentia, without appointment of counsel?
>
> Did the trial court lacked subject matter jurisdiction to tried and/or convict Petitioner for the alleged distribution of crack cocaine because the bill of indictment was insufficient?

Entry 8-7 (errors in original). On July 20, 2006, the South Carolina Supreme Court denied the petition and granted Petitioner's counsel's request to withdraw. Entry 8-8. Remittitur was sent down on August 7, 2006. Entry 8-9.

Petitioner filed the within § 2254 petition on August 10, 2006. Petitioner asserts the following grounds for relief:

> **Ground One:** PCR Court errored in its ruling on the Petitioner's request for a direct appeal. Court errored in denying Petitioner requested direct appeal although the court was aware that the petitioner was never advised of his right to a direct appeal, and that his attorney failed to file the direct appeal.
>
> **Ground Two:** Ineffective Assistance of Counsel. Counsel failed to file notice of intent to appeal or direct appeal after opening of sealed sentence.

> **Ground Three:** Abuse of Discretion. Trial released retain counsel, and tried case without appointing a standby counsel. Trial court has a duty to ensure that defendants right to counsel are protected even in his absence.
>
> **Ground Four:** Trial court lacked subject matter jurisdiction. Trial court lacked subject matter jurisdiction where the indictment bringing the charges was defective as well as illegal.

Petition (Entry 1) at 5-10 (errors in original).

The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

## II. DISCUSSION

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A decision is "contrary to" clearly established federal law if it either applies a legal rule that contradicts prior Supreme Court holdings or reaches a conclusion different from that of the Supreme Court "on a set of materially indistinguishable facts." Buckner v. Polk, 453 F.3d 195, 198 (4th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). A decision is an "unreasonable application" of clearly established federal law if it "unreasonably applies" a Supreme Court

precedent to the facts of the petitioner's claim. Id. (quoting Williams, 529 U.S. at 413). The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

A.      Ground One - Direct Appeal

Petitioner first contends that the Magistrate Judge erred in recommending dismissal of Petitioner's claim that the PCR judge erred in not allowing Petitioner a direct appeal. Specifically, Petitioner contends that the sentencing judge failed to advise him of his right to file a timely appeal. Petitioner contends that, if the sentencing judge had advised him of his right to appeal, he would have filed such an appeal pro se.

Petitioner did not raise this precise issue to the PCR judge or to the South Carolina Supreme Court on writ of certiorari. Thus, the argument raised by Petitioner in his objections is not cognizable. A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. Id. The "independent and adequate state law ground" applies to bar federal habeas when a petitioner has deprived the state court of an opportunity to address his federal claims because he has failed to meet the state's procedural requirements for presenting his claim. Id. at 732. Thus, when a petitioner fails to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas. Id. at 735, n.1. In such a case, the exhaustion

requirement is "technically met"; however, the rules of the procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

Ground one as currently framed by Petitioner is procedurally defaulted because, if the claim now were asserted in state court, it would be barred as successive and being outside the limitations period. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); S.C. Code Ann. § 17-27-45(a). Petitioner has articulated no good cause for the omission or prejudice from denial of review. See Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner's objection is without merit.

Moreover, the PCR judge's factual determination that Petitioner waived his appeal rights upon consultation with sentencing counsel in favor of pursuing post-conviction relief is presumed to be correct. Petitioner has not rebutted the presumption of correctness by clear and convincing evidence. Petitioner's objection is without merit.

B.      Ground Two - Ineffective Assistance of Counsel

Petitioner next contends that the Magistrate Judge erred in upholding the PCR judge's determination that Petitioner had not received ineffective assistance of counsel. Petitioner contends that the notice of appeal filed by sentencing counsel evinces his intent to file an appeal and that the failure to perfect the appeal is not reasonable.

To prove ineffective assistance of counsel, Petitioner must show that sentencing counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Petitioner also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

In this case, the PCR judge found Petitioner to be not credible, and sentencing counsel to be credible, regarding the reasons why the appeal was not perfected. Sentencing counsel testified that he could find no credible reason to appeal the sentence because it was within the appropriate sentencing range. Sentencing counsel discussed he matter with Petitioner and advised to proceed with post-conviction relief. Based on this testimony, the PCR judge determined that sentencing counsel's performance was not deficient. The court concludes that the PCR judge's determination was neither an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented at the state court hearing. Petitioner's objection is without merit.

C.     Grounds Three and Four

The Magistrate Judge determined that Petitioner's third and fourth grounds for relief were procedurally barred. Petitioner does not object to the Magistrate Judge's conclusion. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### III.  CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Defendants' motion for summary judgment (Entry 30) is granted and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 17, 2008

11

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**